DECISION.
{¶ 1} Norma Miller fell on a stairway in front of a building owned by defendant-appellant The Roco Partnership ("Roco"). The complaint alleged that Roco's failure to provide adequate lighting caused her fall. But Norma Miller died before answering interrogatories or being deposed. Plaintiff-appellant Linda Miller, Norma's daughter, was substituted as plaintiff. The trial court granted summary judgment in favor of Roco. We affirm.
 {¶ 2} The trial court held that there were no genuine issues of material fact. The only deposition in the case was that of Linda Miller, but she did not witness the fall. Her testimony included the recitation of her mother's statements about the fall, as did her affidavit in opposition to summary judgment.
 {¶ 3} A statement by a deceased person may be admitted as evidence when (1) the estate or personal representative of the decedent's estate is a party, (2) the statement was made before the person's death, and (3) the statement is offered to rebut the testimony by an adverse party on a matter within the knowledge of the decedent.[1] Linda Miller did not offer Norma Miller's statements to rebut any testimony by an adverse party. Norma Miller's statements were therefore inadmissible hearsay.
 {¶ 4} The only living witness to the fall was Gary Davidson, who gave only an unsworn statement regarding the incident. Neither his statement nor any affidavit from him was introduced into evidence until after the trial court had granted summary judgment. Because it was unsworn and not offered as evidence, Davidson's statement was not admissible evidence.[2]
 {¶ 5} Linda Miller also claimed that she had inspected the railing and the steps six months after her mother's fall. In her affidavit, Linda Miller asserted that the railing was "wobbly" and that the bottom step of the staircase was covered in dark shadows. But the conditions of the railing and the staircase six months after the fall were not probative of the same conditions at the time of the fall.
 {¶ 6} Because neither Norma Miller's nor Gary Davidson's statements were admissible, there was no evidence concerning the reason that Norma Miller fell. The mere happening of an accident does not create a presumption of negligence.[3] Further, Linda Miller's investigation and affidavit were not probative of the relevant facts in this case. Summary judgment was therefore appropriate, and the trial court's judgment is accordingly affirmed.
Judgment affirmed.
Gorman, P.J., and Winkler, J., concur.
[1] Evid.R. 804(B)(5); Eberly v. A-P Controls, Inc. (1991),61 Ohio St.3d 27, 572 N.E.2d 633.
[2] Civ.R. 56(C).
[3] Parras v. Standard Oil Co. (1953), 160 Ohio St. 315,116 N.E.2d 300.